*Rattray v. Cadavid*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of August, two thousand twenty-six.

PRESENT:

> DENNY CHIN,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> *Judges.*

_____

WENTWORTH RATTRAY,

    *Plaintiff-Counter-Claimant-Appellant,*

       v.                      No. 25-700

POLICE OFFICER JOSE CADAVID, Badge #9085, in his individual and official capacity,

POLICE OFFICER ALYSSA TRIGUENO, in her individual and official capacity,

*Defendants-Counter-Defendants-Appellees*,

POLICE OFFICER SGT. MERVIN BAUTISTA, in his individual and official capacity, THE CITY OF NEW YORK,

*Defendants-Appellees.*

_____

| For Plaintiff-Counter-Claimant-Appellant: | WENTWORTH RATTRAY, *pro se*, Annapolis, MD. |
|---|---|
| For Defendants-Counter-Defendants-Appellees: | Jamison Davies, Assistant Corporation Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 24, 2025 order of the district court is **AFFIRMED**.

Wentworth Rattray, proceeding *pro se*, appeals from the district court's denial of his motion for a new trial under Federal Rules of Civil Procedure 59(a)(1) and 60(b)(2). Rattray filed the motion after a four-day trial in which a jury found

that New York City Police Department ("NYPD") officers did not violate Rattray's constitutional rights under 42 U.S.C. § 1983 during a warrantless search of his apartment.[1]  On appeal, Rattray first argues that the district court erred in denying his motion for a new trial because (i) the jury's findings were contrary to the weight of the evidence; (ii) the jury instructions were erroneous; and (iii) Defendants introduced evidence at trial that they had not properly disclosed during discovery.  He also challenges the magistrate judge's pretrial discovery orders.  We assume the parties' familiarity with the underlying facts and issues on appeal, to which we refer only as necessary to explain our decision.[2]

## I.  The District Court Did Not Abuse its Discretion in Denying Rattray's Motion for a New Trial.

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice."  *Atkins v. City of New York*, 143 F.3d 100, 102 (2d Cir. 1998) (internal quotation marks omitted).  We will reverse a district court's

---

[1] Rattray was represented by counsel during the trial.

[2] While Rattray's notice of appeal indicated that he was appealing both the February 24, 2025 denial of his motion for a new trial *and* the district court's September 5, 2023 judgment, Rattray's brief only challenges the February 24, 2025 order.  *See* Rattray Br. at 11, 13, 21, 23, 37.  Similarly, the sole relief that Rattray requests is for a new trial.  *See id*. at 38.  Accordingly, we address only Rattray's challenges to the order.  *See, e.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

3

denial of such a motion – under either Rule 59 or 60 – "only if" it constitutes an "abuse of discretion." *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir. 2000) (internal quotation marks omitted); *see also Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (articulating "abuse of discretion" standard for Rule 60(b) motions). In this context, a district court abuses its discretion when it "(1) base[s] its decision on an error of law, (2) ma[kes] a clearly erroneous factual finding, or (3) otherwise render[s] a decision that cannot be located within the range of permissible decisions." *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2019) (internal quotation marks omitted). This "deferential standard . . . reflects district courts' significant . . . latitude to exercise their inherently discretionary authority." *Id.*

**A. There Was Sufficient Evidence to Support the Jury's Verdict.**

Rattray first argues that "nothing" in the evidentiary record supported the existence of a "perceived or actual exigence" justifying a warrantless search, and that the district court therefore abused its discretion in upholding the jury's verdict. Rattray Br. at 35. We disagree.

Where, as here, jurors are asked to evaluate whether "exigent circumstances justified a warrantless entry," *Loria v. Gorman*, 306 F.3d 1271, 1284 (2d Cir. 2002) (internal quotation marks omitted), they must consider "the totality of the

4

circumstances confronting law enforcement agents in the particular case," *United States v. Klump*, 536 F.3d 113, 117 (2d Cir. 2008) (internal quotation marks omitted). Officers "do not need ironclad proof of a likely serious, life-threatening injury to invoke the emergency[-]aid exception" to the warrant requirement. *Michigan v. Fisher*, 558 U.S. 45, 49 (2009) (internal quotation marks omitted). So long as they have an "objectively reasonable basis for believing" that an individual faces "danger," they may enter a residence without a warrant. *Case v. Montana*, 607 U.S. 107, 113 (2026) (internal quotation marks omitted).

Here, there was ample evidence supporting the jury's finding of exigent circumstances. *First*, the district court pointed to the alarming scene confronting NYPD Officers Cadavid and Trigueno upon arriving at Rattray's home. Wendy Sandy, the mother of Rattray's daughter, was "hysterically crying" by the door, and she warned the officers that "her daughter was not safe" because "Mr. Rattray does drugs and . . . occasionally has drug dealers in the apartment." App'x at 246. The officers had no reason to question Sandy's "veracity," *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001), and the jury was entitled to conclude that the officers' testimony to that fact was credible.

*Second*, Rattray's "aggressive" reaction to the officers' questions also supported the jury's finding. App'x at 24. When the officers knocked on Rattray's door after hearing Sandy's account, for example, Rattray not only refused to let them in but also "flew into a rage," aggressively yelling at the officers and refusing to answer questions about his daughter's whereabouts. *Id.* at 23. As Officer Cadavid testified at trial, Rattray's behavior was "not a normal reaction" to the sort of welfare check that he was attempting to perform, *id.* at 157, and it compounded his concerns about the child's safety, *id.* at 264–267. Because this evidence, once again, supported a finding of exigent circumstances, *see Kerman*, 261 F.3d at 236, we cannot say that district court abused its discretion in upholding the jury's verdict.[3]

## B. Rattray Waived His Objections to the District Court's Jury Instructions.

Rattray next challenges the district court's jury instructions. In particular, he contends that (i) the question of whether exigent circumstances existed was a "matter of law for the court, not the jury," Rattray Br. at 8, 17, 23, and (ii) the jury

---

[3] In several places, Rattray's brief discusses the legal standard for searches conducted under the "community[-]caretaking exception" to the warrant requirement. Rattray Br. at 9, 25, 27, 35. But Defendants justified the search in this case by relying on the exigent-circumstances doctrine, and so Rattray's arguments about the narrower scope of the community-caretaking exception are irrelevant to this appeal.

instructions should have emphasized the "heavy burden" that police officers must carry to prove exigent circumstances, *id.* at 25–26. But Rattray raised neither objection below, and a party's "failure to object to a jury instruction . . . prior to the jury retiring results in a waiver of that objection." *Lavoie v. Pac. Press & Shear Co.*, 975 F.2d 48, 55 (2d Cir. 1992); *see* Fed. R. Civ. P. 51. We may of course "disregard the failure to object where there is plain error affecting substantial rights." *Warren v. Pataki*, 823 F.3d 125, 138–39 (2d Cir. 2016) (internal quotation marks omitted). But because Rattray makes no such claim here, we decline to consider his arguments concerning the jury instructions for the first time on appeal.

### C. Rattray's Objections to the Jury's Credibility Findings Are Without Merit.

Rattray next argues that the jury improperly weighed the trial testimony and reached improper conclusions regarding Officer Cadavid's "credibility." Rattray Br. at 7, 11, 17, 25, 37. But the jury's assessments of the weight of the evidence and credibility of witnesses are "entitled to deference," *United States v. Landau*, 155 F.3d 93, 105 (2d Cir. 1998), and the district court was well within its discretion to accept them, especially given its own thorough consideration of the evidence.

7

**D. The District Court Properly Rejected Rattray's Rule 60(b) Arguments.**

Finally, Rattray challenges the district court's denial of his motion for a new trial pursuant to Rule 60(b)(2). Rattray argues that Officer Cadavid's "spontaneous[]" testimony at trial that "other officers were dispatched" to another apartment to "establish the wellbeing of" Rattray's daughter – once Cadavid realized that the child was not with Rattray – created "undue surprise" because "[n]o information on the existence of these officers" had been provided to Rattray "prior to courtroom testimony." Rattray Br. at 20. Once again, we disagree.

Because Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). To obtain relief under Rule 60(b)(2), a party must show that "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

Here, the district court did not abuse its discretion in denying a new trial on this basis because the evidence Rattray challenges was not "newly discovered." *Id.* At his deposition, Officer Cadavid had "clearly testified" about the officer dispatch that he later discussed during trial. App'x at 27. The district court therefore properly rejected Rattray's arguments under Rule 60(b)(2). *See Int'l Bhd. of Teamsters*, 247 F.3d at 392.

## II. The Magistrate Judge Did Not Abuse its Discretion in Limiting Rattray's Discovery Requests.

Rattray next contends that the magistrate judge who oversaw pretrial discovery in his case erred by limiting his discovery requests. This argument also fails.

We review pretrial discovery rulings for abuse of discretion. *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). In the discovery context, a "court abuses its discretion when" it acts "improvident[ly]" and in a way that "affects the substantial rights of the parties." *Id.* at 51 (internal quotation marks omitted).

Here, the record shows that the magistrate judge narrowed Rattray's document requests because several of them (i) did not comply with the local rules, or (ii) were redundant. That was not an abuse of discretion, since the Federal Rules expressly permit courts to "limit the frequency or extent of discovery" if they

9

determine that the discovery sought is unjustified or otherwise "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). Because Rattray fails to explain why his requests should have been granted despite these deficiencies, he has not shown that the magistrate judge's orders were "improvident" or that they "affect[ed] [his] substantial rights." *Wills*, 379 F.3d at 51.

*  *  *

We have considered Rattray's remaining arguments and find them to be without merit. Accordingly, the order of the district court is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

10